IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK BANKS, #05711-068                                                              PETITIONER

VERSUS                                       CIVIL ACTION NO. 5:10-cv-141-DPJ-FKB

JEFF SESSIONS, et al.                                               RESPONDENTS

**<u>ORDER</u>**

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner, Frederick Banks, was an inmate incarcerated at the Federal Correctional Institute, Yazoo City, Mississippi, at the time he filed this petition for habeas relief pursuant to 28 U.S.C. § 2241, petition for a writ of mandamus/prohibition and a complaint.[1] Banks requests as relief the following: declaratory judgment, monetary damages, habeas and mandamus relief.

**I.    Background**

Banks complains that he was issued two separate incident reports which resulted in his removal from the Residential Drug Abuse Program ("RDAP") wait list. Pet. [1] at 4. Banks contends that Respondents denied his constitutional right to due process in the following ways: (1) "expell[ing]" Banks from the RDAP wait list; (2) informing Banks that he, an American Indian, could reapply to participate in the RDAP in six months instead of a 90-day period given to black and white inmates; and (3) precluding Banks from appealing the incident reports. *Id*. at

---

[1] Petitioner Banks has named over one hundred Respondents ranging from "Congressman" Jeff Sessions to the Los Angeles Times. Because of this large number of Respondents, the Clerk of Court initially named only the first three Respondents on the Court's docket. Subsequently, an Order [14] was entered on December 8, 2011, directing the Clerk to add Bruce Pearson, Warden of FCC-Yazoo City, as a respondent.

5.  Banks contends that these acts caused $10,000.00 in damages and violated the Little Tucker Act[2].  *Id.*

**II.     Analysis**

Banks' initial pleading seeks three forms of relief styled as a petition for writ of habeas corpus; a writ of mandamus; and a complaint for monetary damages.  Pet. [1].  The Court will review each under the liberal construction applied to *pro se* prisoner pleadings.

    **A.**     **Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241**

A petitioner may file a writ of habeas corpus which attacks the manner in which a petitioner's sentence is being executed in the district court with jurisdiction over his custodian, pursuant to 28 U.S.C. § 2241.  *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).  To the extent Banks argues that being removed from the RDAP wait list prevents him from an early release, this Court finds that this request is properly before the Court as a § 2241 petition.  And because Banks was housed in a facility over which this Court exercises jurisdiction when he filed the petition, jurisdiction exists to review his claims.  *See Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001); *see also United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (holding that, "[t]o entertain a § 2241 habeas petition, the district court must, *upon the filing of the petition*, have jurisdiction over the prisoner or his custodian") (emphasis added); *McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978) (stating that the transfer of the petitioner to another facility does not destroy jurisdiction).  Thus, the Court considers first whether Banks

---

    [2]Title 28 U.S.C. § 1346(a)(2) is often referred to as the "Little Tucker Act."  It functions to create a limited waiver of sovereign immunity and to "empower[] district courts to award damages but not to grant injunctive or declaratory relief."  *Lee v. Thornton*, 420 U.S. 139, 140  (1975) (citations omitted).

exhausted his administrative remedies and then turns to the substance of his constitutional claims.

        1.      Exhaustion of Administrative Remedies

Before the Court can consider Banks' claims, he must exhaust the administrative remedies available through the Bureau of Prisons (BOP). *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *see also Mayberry v. Pettiford*, 74 F. App'x 299 (5th Cir. 2003) (stating that there is a judicially-created exhaustion requirement to § 2241 petitions). On June 24, 2011, the magistrate judge entered an order directing Banks to:

> respond in writing **on or before July 11, 2011**, to this Order to Show Cause and explain why this case should not be dismissed for failure to exhaust his administrative remedies through the Bureau of Prisons as set forth in 28 C.F.R. § 542 **and** Petitioner *shall submit with his response* to this order copies of *all request/appeals filed with and all responses received* from the Warden, Regional Director, and Central Office Appeals.

Order [9] (italics added).

Although he missed the original deadline, Banks did file a one paragraph Response [10] on July 6, 2011, in which he generically claims to have "exhausted all available remedies because Respondents put him into transit after he requested remedies." He further contends that he was transferred several times, and at each institution "request[ed] but did not receive remedies." Resp. [10]. But Banks failed to explain the steps he took to exhaust his administrative remedies—as set forth in 28 C.F.R. § 542—and further failed to provide a copy of any supporting documents demonstrating his efforts to exhaust. *Id.*

Based on the minimal record Banks offered, the Court finds that he failed to establish exhaustion of his administrative remedies. But even had Banks established exhaustion in his Response [10], the Court would still find that all of his claims, except his claim concerning the

violation of the Equal Protection Clause, fail to state any basis for habeas relief as discussed below.

        2.      Equal Protection

Banks invokes the Equal Protection Clause alleging that BOP treated black and white inmates more favorably than him due to his status as an American Indian. In particular, he claims that BOP made him wait six months to reapply for the RDAP whereas black and white inmates waited only 90 days. Having liberally construed Banks' allegations and Response [13] filed November 8, 2011, to this Court's Order [11] entered October 17, 2011, this Court finds that he has presented, at least at this stage of this civil action, an arguable Equal Protection claim.

Banks, however, is required to exhaust his administrative remedies. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, to where the attempt to exhaust such remedies would be a patently futile course of action." *Id.* (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). As previously stated, Banks was given an opportunity to demonstrate that he has exhausted his administrative remedies or that "extraordinary circumstances" exist to establish the futility of administrative review. *See* Ord. [9]. Because Banks, in his Response [10], failed to establish that he has exhausted his administrative remedies or failed to demonstrate "extraordinary circumstances," this Court will not consider this claim and it will be dismissed without prejudice.

3. Due Process

Federal habeas relief may be granted when a petitioner establishes that his federal constitutional rights were violated. *See* 28 U.S.C. § 2241(c)(3). In this case, Banks claims that Respondents violated his right to due process by removing him from the RDAP wait list. A valid due-process claim in this context requires proof of a liberty interest. *Richardson v. Joslin*, 501 F.3d 415, 418–19 (5th Cir. 2007) (citing *Meachum v. Fano*, 427 U.S. 215, 223–24 (1976)).[3] Such "a liberty interest is created in one of two ways: Either the Due Process Clause confers a liberty interest or such an interest is created by the state through a statute." *Id.* (internal citations omitted). Neither the Due Process Clause nor any statute creates a liberty interest in remaining on the RDAP wait list or in early release upon successful completion of the RDAP.

First, "[t]he Due Process Clause confers a liberty interest in punishment that is not qualitatively different from the punishment characteristically suffered by a person convicted of crime." *Richardson*, 501 F.3d at 419. In other words, if the punishment is "within the normal limits or range of custody which the conviction has authorized the State to impose, there is no violation of a protected liberty interest conferred by the Due Process Clause." *Id.* (citations and quotations omitted). More specifically, "[i]nmates do not have a protected liberty interest in either RDAP participation or in the associated discretionary early release benefit." *Reeb v. Thomas*, 636 F.3d 1224, 1229 n.4 (9th Cir. 2011); *see also Richardson*, 501 F.3d at 419 ("The Due Process Clause does not itself confer a liberty interest in a sentence reduction for completion of an RDAP.").

---

[3] Banks references a property interest created by 8 U.S.C. § 1401(b) and 18 U.S.C. § 4042. The former is a repealed statute that dealt with nationality at birth and collective naturalization, and the latter addresses the duties of the BOP. It is not apparent what Banks considers his property interests or how these statutes would create a property interest.

5

Second, a liberty interest can exist where the government creates one by statute. *Id*. But to qualify, the statute must be mandatory. "The hallmark of a statute that has not created a liberty interest is discretion." *Id*. Title 18 of the United States Code Section 3621(e)(2)(B) provides such discretion, stating that the BOP "may" reduce sentences for eligible inmates who successfully complete treatment in the RDAP. *See Lopez v. Davis*, 531 U.S. 230, 241 (2001) (holding that upon completion of RDAP, BOP "has the authority, *but not the duty*, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment") (emphasis added). It follows that "[t]he grant of discretion to the BOP in § 3621(e)(2)(B) indicates that no entitlement and, hence, no liberty interest, was created." *Richardson*, 501 F.3d at 420.

To the extent Banks bases his claim on the delay in participation rather than the possibility of early release, the Fifth Circuit has not squarely addressed the issue. But it should be noted that Banks claims delay, not denial, of participation in RDAP. And even where participation is denied, every other federal decision known to this Court has found that § 3621(e) and the implementing regulations provide discretion in determining eligibility and create no right to participate. *See*, *e.g.*, *Standifer v. Ledezma*, — F.3d —, 2011 WL 3487074, at *3 (10th Cir. Aug. 10, 2011) (holding that "[a] prisoner has no constitutional right to participate in RDAP") (citing *Reeb*, 636 F.3d at 1229 n.4 (same)); *Griffin v. Berkebile*, No. 5:10–0740, 2011 WL 4344024, at *5 (S.D. W.Va. Aug. 23, 2011) ("Thus, as to substance abuse treatment programs, the BOP has wide discretion in determining . . . whether an inmate enters such a program . . . ."); *Mack v. Fed. Bureau of Prisons*, No. 4:10–567–HMH–TER, 2011 WL 3419376, at *1 (D. S.C. May 23, 2011) (finding "no authority that construes § 3621 as conferring upon an inmate a private right of action based on expulsion or exclusion from an RDAP program"); *Santiago-Lebron v. Fla.*

*Parole Comm'n*, 767 F. Supp. 2d 1340, 1351 (S.D. Fla. 2011) ("It is well established that inmates have absolutely no constitutional right to, or other protected liberty interest in, either participating in RDAP or receiving a sentence reduction for completing such a program."); *Via v. Lyn*, No. 2:10cv101, 2011 WL 573389, at *8 (N.D. W.Va. Jan. 24, 2011) (holding that petitioner had "no liberty interest in RDAP participation").[4]  Therefore, for the reasons set forth above, Banks' claims for habeas relief based on the Due Process Clause is dismissed with prejudice.

### B.     Petition for Writ of Mandamus/Prohibition

Banks seeks mandamus relief in the form of an order directing Congress to make an inquiry into the actions taken by the "Agency Respondents" and to issue a "report to the taxpaying respondents an itemized report of each tax dollar that was spent."  Pet [1] at 6. Pursuant to 28 U.S.C. § 1361, this Court has original jurisdiction over Banks's motion for writ of mandamus.  For Banks to be successful on his request for a writ of mandamus, he must "demonstrate (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy."  *In Re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997).  "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."  *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 402 (1976).  "Moreover, it is important to remember that issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed."  *Id.* at 403.  Based on the foregoing, Banks does not have a "clear right to the relief" and therefore, this Court will not issue a writ of mandamus in the instant case.

---

[4]There are many more cases reaching this same conclusion.

**C.     Complaint**

Banks also presents a *Bivens* claim requesting monetary relief for deprivation of his constitutional right to remain on the RDAP wait list plus a claim under the Little Tucker Act.[5] When a habeas petition includes *Bivens* claims, the Court should separate the claims.  *See Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998).  Therefore, in considering Banks' *Bivens* claim, this Court finds that such a complaint for monetary damages is governed by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, and the filing fee requirement of 28 U.S.C. § 1915 applies.  Because Banks has received three-strikes and does not allege that he is imminent danger of serious physical injury at the time he filed the instant lawsuit, this Court finds that Banks cannot proceed *in forma pauperis* with the claims for monetary damages.[6]  *See* 28 U.S.C. § 1915(g).  Therefore, his *Bivens* claims as well as any other non-habeas claims he may have presented are dismissed without prejudice.

**III.    Conclusion**

As discussed above, Banks' habeas claims—except his request for habeas relief concerning his Equal Protection claim—are dismissed with prejudice.  Banks' Equal Protection claim is dismissed without prejudice for failure to exhaust administrative remedies.  Banks'

---

[5]Under *Bivens v. Six Unknown Named Agents*, a person acting under color of federal law may be sued for damages if that federal agent deprived another person of a right secured by the Constitution or other law of the United States.  403 U.S. 388, 395-97 (1971)

[6]Banks, while incarcerated, has received a strike in the following cases: *Banks v. Hayward, et al.*, No. 06-509 (W.D. PA. May 30, 2006), for failure to state a claim; *Banks v. Hayward, et al.*, No. 06-1572 (W.D. PA. Jan. 10, 2007), dismissed as frivolous and/or for failure to state a claim; *Banks v. Dove, et al.*, No. 06-2289 (M.D. PA. Jan. 16, 2007), dismissed as frivolous; and *Banks v. Pittsburgh Tribune Review, et al.*, No. 07-336 (W.D. PA. May 4, 2007), for failure to state a claim.

petition for mandamus relief is denied, and his complaint for monetary damages is dismissed without prejudice.

A Final Judgment in accordance with this Order will be issued on this date.

**SO ORDERED AND ADJUDGED** this the 22nd day of December, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE